FROELICH, J., concurring.
{¶ 59} I concur.
{¶ 60} The "Statement of Facts" of Appellee says that Appellant "has earned a well-deserved reputation as a recurring offender of property maintenance ordinances and drug and prostitution laws" and "that reputation has only surged recently." The Appellee's brief finds that the "facial disingenuousness of [Appellant's] argument also bears emphasizing;" and that Appellant's "mere suggestion" that it was unaware of its alleged violations not only "defies all credulity," but "is insulting." Appellee contends that, "Like all property owners who are content to be stewards of blight...," Appellant is a "scourge of the [motel] industry" "because something in their DNA compels them to ignore the effect their property has on everyone around them and the city as a whole;" "...even the thought of investment in their property being blasphemy." Appellee argues for an affirmance since "any claim that the trial court's decision evidences an abuse of discretion is detached from reality."
{¶ 61} Appellant, on the other hand, asserts that the actions of the city were "unconscionable."
{¶ 62} These hyperbolic conclusions are irrelevant to the purely legal arguments the parties should make in their briefs.
*652 Perhaps appellate counsel must sometimes walk a fine line between ivory tower detachment and disdain for the opponent's perspective. However, gratuitous "adverbial characterizations of the other side's position...do nothing to advance the brief writer's cause... A neutral, dispassionate characterization of the facts and contentions of the opposing side is much more effective than disparagement and disdain...If you must get this stuff out of your system, put it into the draft and then take it out."[1]

Judge William Curtis Bryson, now the Senior United States Circuit Judge of the U.S. Court of Appeals for the Federal Circuit, http://howappealing.law.com/20q/2003_09_01_20q-appellateblog_archive.html (Sept. 2, 2003) (accessed Nov. 30, 2017; copy on file with Journal of Appellate Practice and Process.)